COUNTY ELECTION BOARD — POWERS AND DUTIES AND COUNTY COMMISSIONERS WITHOUT ADMINISTRATIVE POWERS OVER BOARD Where the budget for the clerk of the County Election Board has been approved for the fiscal year and funds are available to pay such salaries, the Board of County Commissioners does not have the authority to reduce the salary of the clerk of the County Election Board. The Board of County Commissioners does not have the authority to set the hours of operation for the County Election Board. The Attorney General has considered your letter of February 23, 1971, wherein you ask the following questions: "1. Where the budget for the clerk of the Election Board has been approved for the fiscal year and funds are available to pay such salary, does the Board of County Commissioners arbitrarily have the authority to reduce salary from $300 to $100 a month? "2. Does the Board of County Commissioners have the authority to set the hours of operation of the Election Board?" The authority of County Election Boards is set forth in 26 O.S. 24a [26-24a] (1970), which provides in part, as follows: "The county election board shall have the authority to employ clerical help to assist the board in the performance of its duties. The compensation of such clerical help shall be paid by the county. out in 19 O.S. 339 [19-339] (1961), and without quoting such statute, such The secretary shall be the administrative officer of the county election board, charged with the operational responsibilities of the board, including, but not limited to, supervision, defining job positions and responsibilities of the employees, preparation of the annual budget, preparation and filing of all reports, and the implementation of policy, findings and actions lawfully prescribed or determined by the county election board." Title 26 O.S. 93.20 [26-93.20] (1970), provides for the compensation of County Election Board secretaries, deputies, and clerks, the pertinent part of which is as follows: "The county election board shall have authority to employ clerical help to assist in the performance of his duties, the salary of said clerical help to be paid from county funds." Title 26 O.S. 93.21 [26-93.21] (1961), provides as follows: "The County Excise Board, upon the requisition of the county election board, shall include in the estimate for the fiscal year following the passage of this Act, and for all subsequent fiscal years, the expenses for the supplies and records required by this Act and the compensation of officers and employees as provided for in this Act." Title 26 O.S. 93.22 [26-93.22] (1961), provides as follows: "It shall be the mandatory duty of the County Commissioners of each county to furnish, at county expense, in each county seat a suitable office for the county election board containing one or more windows and equipped with locks, lights, suitable furniture and, if needed, a telephone, as determined by the County Commissioners." The general powers of the Board of County Commissioners are set out in 19 O.S. 339 [19-339] (1961), and without quoting such statute, such general powers include: (1) to make all orders respecting the property of the county; (2) to audit the accounts of all officers; (3) to construct and lay out county highways; (4) to furnish necessary office supplies for other county officers; (5) change the boundaries of townships; and (6) to do and perform such other duties and acts that the Board of County Commissioners may be required by law to do and perform. The above statutes clearly confer upon the County Election Board the authority to employ clerical help, to assist the Board in the performance of its duties, with the compensation to be paid by the county. In addition, the Secretary of the County Election Board is charged with the operational responsibilities of the Board, which would necessarily include the hours of operation of the office of the County Election Board. Under the above statutes setting out the authority of the Board of County Commissioners, there is no specific authority granted to a Board of County Commissioners to fix the compensation of a clerk or other employees of a County Election Board or for fixing of the hours of operation of the office of the County Election Board. We have checked other provisions of law and find no such authority for the Board of County Commissioners. In the case of State ex rel Tharel, et al. v. Board of Commissioners of Creek County, et al., 188 Okl. 187,107 P.2d 542, the Court in the fifth paragraph of its syllabus, said: "Boards of County Commissioners derive their power and authority wholly from the statutes, and acts performed by them must be done pursuant to authority granted by valid legislative enactment." It is, therefore, the opinion of the Attorney General that your first question be answered in the negative. Where the budget for the clerk of the County Election Board has been approved for the fiscal year and funds are available to pay such salaries, the Board of County Commissioners does not have the authority to reduce the salary of the clerk of the County Election Board. It is further the opinion of the Attorney General that your second question be answered in the negative. The Board of County Commissioners does not have the authority to set the hours of operation for the County Election Board. (Marvin C. Emerson)